# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 22-cv-62226-BLOOM

JORGE LUIS SEGUARA-OCANA,

     Plaintiff,

v.

LIZANO AUTOMOTIVE GROUP LLC,
d/b/a/ SUNSHINE MOTORS, and
EDGAR C. PERDOMO,

     Defendants.

_____/

### <u>ORDER OF DISMISSAL</u>

**THIS CAUSE** is before the Court upon a *sua sponte* review of Plaintiff's Amended Complaint, ECF No. [6]. The Court has reviewed the Amended Complaint, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the above-styled case is dismissed without prejudice.

Federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). As such, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006). Further, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410.

District courts have diversity jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. "For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), 'all plaintiffs must be diverse from all defendants.'" *First Home Bank v. Net Zero LLC*, No. 3:20-cv-150-J-34MCR, 2020 WL 802518, at *2 (M.D. Fla. Feb. 18, 2020) (quoting *Univ. of S. Ala.*, 168 F.3d at 412)). "The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof." *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975).[1]

On December 2, 2022, Plaintiff Jorge Seguara-Ocana filed his Amended Complaint against Lizano Automotive Group LLC and Edgar Perdomo. *See generally* ECF No. [6]. The Amended Complaint alleges that this Court has jurisdiction over the claims pursuant to 28 U.S.C. § 1332. *Id.* ¶ 2. However, complete diversity between Plaintiff and Defendant is not apparent on the face of the Amended Complaint. The Amended Complaint sufficiently states that Plaintiff is a citizen of Virginia, and Defendant Perdomo is a citizen of Florida. *Id.* ¶¶ 3, 7. However, regarding Defendant Lizano Automotive Group, LLC, the Amended Complaint states: "The defendant dealership company is a Florida limited liability company that is domiciled and doing business in the Southern District of Florida[.]" *Id.* ¶ 6.

"[F]or the purposes of establishing diversity jurisdiction, an unincorporated business association or entity, such as a general or limited partnership or a limited liability company, is not a 'citizen' under 28 U.S.C. § 1332(a) in its own right." *First Home Bank*, 2020 WL 802518, at *2 (citing *Xaros v. U.S. Fid. & Guar. Co.*, 820 F.2d 1176, 1181 (11th Cir. 1987)). Rather, the

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981.

longstanding rule is that "the citizenship of an artificial, unincorporated entity generally depends on the citizenship of all the members composing the organization." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1021 (11th Cir. 2004) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)). With regard to the existence of diversity jurisdiction, "a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens." *Id.* (citing *Carden*, 494 U.S. at 195-96). "Therefore, in order to sufficiently allege the citizenship of an unincorporated business entity, a party must list the citizenships of all the members of that entity." *First Home Bank*, 2020 WL 802518, at *2 (citing *Rolling Greens MHP, L.P.*, 374 F.3d 1022).

Here, the Amended Complaint fails to sufficiently allege the citizenship of Defendant Lizano Automotive Group, LLC, because it does not identify all the members of the limited liability company and its members' citizenship. As explained above, "[t]o sufficiently allege the citizenships of [] unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership," and if the party invoking the court's jurisdiction fails to do so, it cannot satisfy its burden of establishing diversity of citizenship. *Rolling Greens MHP, L.P.*, 374 F.3d at 1022. Accordingly, "the Court lacks sufficient information to satisfy the jurisdictional inquiry." *First Home Bank*, 2020 WL 802518, at *2.

Accordingly, it is **ORDERED AND ADJUDGED** that the above-styled case is **DISMISSED WITHOUT PREJUDICE**. Plaintiff is permitted to file a Second Amended Complaint that properly alleges the basis for invoking diversity jurisdiction by **December 30, 2022.** All pending motions are **DENIED AS MOOT**.

Case No. 22-cv-62226-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 16, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record