UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-62226-BLOOM/Valle

JORGE LUIS SEGUARA-OCANA,

    Plaintiff,

v.

LIZANO AUTOMOTIVE GROUP LLC,
d/b/a/ SUNSHINE MOTORS, and
EDGAR C. PERDOMO,

    Defendants.
                                /

**ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER
AND MOTION FOR ENLARGEMENT OF TIME**

**THIS CAUSE** is before the Court upon Plaintiff's Renewed *Ex-Parte* Motion for Temporary Restraining Order, ECF No. [12] ("Motion for TRO"), filed on January 13, 2023, and Plaintiff's Motion for Enlargement of Time, ECF No. [13] ("Motion for Enlargement"), filed on January 13, 2023. The Court has reviewed both Motions, the record as a whole, and the applicable law. For the reasons set forth below, the Motions are denied.

In the Motion for TRO, Plaintiff seeks a temporary restraining order requiring Defendants "to preserve all existing accounts," to prevent Defendants from transferring money to "avoid the reach and application of [Plaintiff] and hide and secrete the theft it committed." *Id*. at 4-5.

Plaintiff's *ex parte* Motion is deficient in numerous respects. First, it is unaccompanied by "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can he heard in opposition[.]" Fed. R. Civ. P. 65(b)(1)(A). Second, it lacks a certification from Plaintiff's

attorney. *Id.* at 65(b)(1)(B). Third, Plaintiff has not submitted a proposed order. S.D. Fla. L.R. 7.1(a)(2). Any of these reasons would be sufficient to deny Plaintiff's Motion without prejudice.

However, apart from the procedural issues, Plaintiff's Motion is also substantively deficient. The Motion contains a single sentence addressing the risk of irreparable harm to Plaintiff absent a Temporary Restraining Order (TRO): "Regarding the risk of irreparable harm, the dealership defendants are foreigners and can flee the country at any time." ECF No. [12] at 4. An allegation that Defendants are "foreigners" is insufficient to show that a TRO is appropriate. Moreover, the allegation is contradicted by the Second Amended Complaint, which states that all Defendants are citizens of the State of Florida. ECF No. [9] at 3.

As for the Motion for Enlargement, Plaintiff seeks an additional 60 days to serve Defendants. ECF No. [13]. Plaintiff argues the extra time is necessary for the Court to have sufficient time to rule on Plaintiff's Motion for TRO prior to expiration of the service deadline. *Id*. Given that the Court has denied Plaintiff's Motion for TRO, Plaintiff's Motion for Enlargement is arguably moot. To the extent it is not moot, it is denied for failure to show good cause to extend 90-day service deadline provided in Fed. R. Civ. P. 4(m).

Accordingly, it is ordered and adjudged as follows:

1. Plaintiff's Motion, **ECF No. [12]**, is **DENIED**.

2. Plaintiff's Motion for Enlargement of Time, **ECF No. [13]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 13, 2023.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Case No. 22-cv-62226-BLOOM/Valle

Copies to:

Counsel of Record